UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:
------------------------------------------------------------------------X
DAMIEN BANKS,                                             Case No.:

                Plaintiff,            **VERIFIED COMPLAINT**
                                            **AND JURY DEMAND**
                                            (42 U.S.C. §§1983 and 1985)

        -against-

MICHAEL CONDON, individually and as a sworn officer of
the Town of Wallkill Police Department, JOHN ZONNEVELD,
individually and as a sworn officer of the Town of Wallkill
Police Department; UNKNOWN SWORN OFFICERS OF
THE TOWN OF WALLKILL POLICE DEPARTMENT 1-10.

                Defendants.
------------------------------------------------------------------------X

        1.        Plaintiff, DAMIEN BANKS, by and through his attorneys, the Law Offices of Joseph S. Gulino, Jr., Esq., PLLC, provide the following Complaint and state and allege as follows:

**PRELIMINARY STATEMENT**

        2.        This action contemplates the law surrounding 42 U.S.C. §§ 1983 and 1985 which, in this case, relates to the events of March 21, 2019 when, without just cause, Defendants engaged in actions/conduct of excessive force that is no less than shocking. It is clear from security camera footage that the level of force used had no basis and was a complete violation of Plaintiff's rights. Following a report made against Plaintiff by his wife, Defendants Condon and Zonneveld, along with other unknown officers, responded to Plaintiff's home. Plaintiff's home was a location separate and apart from the address alleged to be the scene of the purported underlying crimes. As can be seen from the security camera footage, the officers approached Plaintiff. Plaintiff exited his home and walked to the driveway. Plaintiff did not approach the officers, nor did he attempt to close the gap between himself and the officers. As can be seen from the footage, one officer

unholsters his firearm and aims it at Plaintiff for no apparent reason, while the other officer also approaches from the side.  Plaintiff is compliant and remains where he is while the officers close the gap.  The officer ultimately holsters his firearm and begins speaking with Plaintiff.  At no point during the footage can Plaintiff be seen resisting or otherwise engaging in any sort of physical or aggressive conduct.  Within seconds, Plaintiff can be seen on the ground with three officers on top of him.  During different portions of the footage, officers can be seen punching Plaintiff in the face and head, kneeling on his back and neck, and placing Plaintiff in a choke hold, all while being held down by a third officer.  As a result of this Plaintiff suffered a concussion.  Additionally, the officers suffered no injuries, and, if they did, it was from their vicious assault of Plaintiff.  Defendants attempted to levy charges of resisting arrest against Plaintiff and falsely testified before a grand jury in this regard, ultimately leading to three felony assault charges that were later dropped by the Orange County District Attorney's Office.

## PARTIES

3. Plaintiff DAMIEN BANKS is a person who resides at 3 Wayne Court, Middletown, New York 10941.  Plaintiff is a citizen of the United States of America.

4. Defendant MICHAEL CONDON, at all relevant times, is a sworn law enforcement officer with the Town of Wallkill Police Department, where he functioned as a police officer. Defendant Condon is sued in his official capacity because he is the government official whose acts are directly responsible for Plaintiff's constitutional and personal injuries. Defendant Condon is also being sued individually on the grounds that her misconduct is so egregious that personal liability should be fixed.

5. Defendant JOHN ZONNEVELD, at all relevant times, is a sworn law enforcement officer with the Town of Wallkill Police Department, where he functioned as a police officer.

Defendant Zonneveld is sued in his official capacity because he is the government official whose acts are directly responsible for Plaintiff's constitutional and personal injuries. Defendant Zonneveld is also being sued individually on the grounds that his misconduct is so egregious that personal liability should be fixed

6.      Unnamed Sworn Officers of the Town of Wallkill Police Department 1 through 10 are members/officers of the Town of Wallkill Police Department who caused or contributed to the constitutional and personal harm inflicted on Plaintiffs but whose identities are not yet known to Plaintiffs.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (1) (2) (3) and (4), together with the aforementioned statutory and constitutional provisions.

8.      The amount in controversy exceeds $1,000,000.00 (ONE MILLION DOLLARS) excluding interest and costs.  Plaintiff is also seeking compensatory, special, and punitive damages as demanded elsewhere in this Complaint, together with an award of counsel fees, pursuant to 42 U.S.C. §§1983 and 1985.

9.      This Court has subject matter jurisdiction under 28 U.S.C §§1331 and 1343 because Plaintiff seeks compensatory and punitive damages for the deprivation under color of state law of certain rights of a citizen of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. §§1983 and 1985.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

**JURY DEMAND**

11. Plaintiff demands a trial by jury in this action.

**ADDITIONAL FACTUAL ALLEGATIONS**

12. Plaintiff repeats and re-alleges each and every paragraph as is fully set forth herein.

13. It should be clear that Defendants acted with complete impunity and in purposeful violation of Plaintiff's rights.

14. In the security camera footage from Plaintiff's home, it is clear the Plaintiff was viciously attacked without any justification.

15. Plaintiff suffered a concussion as a result and even though he asked several times to be taken to the hospital, these requests were ignored and Plaintiff ultimately sought medical intervention for his injuries subsequent to the arrest and arraignment. Defendants Condon and Zonneveld later lied and created false police reports and charges of resisting arrest and assault related thereto and continued this lie before the grand jury to secure an indictment on the felony assault charges. All resisting arrest and assault charges related to the police officers were later withdrawn or otherwise dismissed. As part of the insidious nature of this conduct, Defendants Condon and Zonneveld indicated they were injured, when from the security camera footage there is no visible injury to any officer. Additionally, any hand injury alleged would be a result of Defendant Officers wrongfully and criminally assaulting Plaintiff in violation of his known constitutional rights and without any objective or reasonable cause to do so by punching him in the head and face, or otherwise related to the unlawful choke hold and other conduct as detailed herein.

16. Plaintiff did not resist arrest or otherwise assault any police officer and followed all verbal commands and prompts of the officers, nor did he pose any danger, immediate or otherwise,

to the officers and/or the public under the circumstances of this case.  This is not a case of hindsight being 20/20.  In the moment of the arrest the Defendants had absolutely no cause to use the level of force they resorted to using.  For the Defendants to even unholster a loaded service weapon, skipping every single type of force on the spectrum and jumping right to a threat to use deadly force is, in and of itself, entirely excessive.  To then holster that weapon and go on to body slam Plaintiff, punch him several times in his head and face, place him in a chokehold, with a total of three officers taking part in this and holding him down, kneeling on his back and neck, is insidious.  This continued even after Plaintiff was handcuffed and without any resistance or attempt to flea on the part of Plaintiff.  It is important to note Plaintiff had no weapon on his person or in his grabbable area, nor was he alleged to have had one as part of the underlying alleged crime.

### COUNT 1

### As and for a First Claim: 42 U.S.C. §1983
### (Excessive Force – Unlawful and Unreasonable Seizure of the Person in Violation of the Fourth Amendment to the United States Consitution)

### Against all Defendants

17. Plaintiff repeats and re-alleges each and every paragraph as is fully set forth herein.

18. On March 21, 2019, Defendants Condon and Zonneveld, along with other Defendant Officers from the Town of Wallkill Police Department, without consent of Plaintiff, subjected him to unwanted physical contact by use of physical force by way of body slamming Plaintiff on the ground, punching him in his head and face, kneeling on his back and neck, and placing him in a choke hold.  All of this after Plaintiff followed all verbal commands and prompts.  There was no cause, provocation or justification for this assault.

19. Plaintiff was unarmed as no weapons were found on his person and no crimes related to same were charged.

20. Security camera video footage corroborates all of this.

21. Given these allegations of fact, Plaintiff seek both compensatory, special, and punitive damages based upon the facts alleged and those which will be proven at trial.

**WHEREFORE** Plaintiff demands the following relief:

(a) On Count 1, a judgment in Plaintiff's favor for compensatory, punitive, and special damages jointly and severally against all of the Defendants in an amount to be determined by a jury after trial, together with the imposition of Court-ordered guidelines which will serve to correct the customs, policy, and practices which led to Plaintiff's injuries.

(b) On all Counts, attorney's fees to be determined by this Court in the prosecution of said claims along with pre- and post-judgment interest.

(c) Such other and further relief that this Court deems just, equitable and appropriate.

Dated: White Plains, New York
      July 13, 2021

*[signature]*

DAMIEN BANKS
Plaintiff

*[signature: Joseph Gulino]*

The Law Offices of
Joseph S. Gulino, Jr., Esq., PLLC.
By: Joseph S. Gulino, Jr., Esq.
Attorneys for Plaintiff
75 S. Broadway, 4th Floor
White Plains, New York 10601
Tel: (646) 401-2641
Fax: (718) 749-0116
E-mail: Joseph@jsgulinolaw.com

## VERIFICATION

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF ORANGE             )

DAMIEN BANKS, being duly sworn, deposes and says that I am the Plaintiff herein, that I have read the foregoing Complaint and know the contents thereof, that same are true to my own knowledge, except as to the matters therein stated to be on information and belief, and that as to those matters, I believe them to be true.

_____
DAMIEN BANKS

Sworn to before me this
10th day of July, 2021

_____
NOTARY PUBLIC

SEBASTIAN M RIVERA
ID No. 50118349
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 12/15/2024